YORK ET AL., APPELLEES, *v.*
STATE FARM FIRE & CASUALTY CO. ET AL., APPELLANTS.

(No. 80-453—Decided December 23, 1980.)

Mr. *Michael J. Scherach,* for appellees.
*Meyers, Stevens & Rea Co., L.P.A.,* and Mr. *Henry A. Hentemann,* for appellants.

*Per Curiam.* Appellants assert six propositions of law that are all interrelated and the dispositive issue at bar can be summarized as follows: Whether a motor vehicle, for which a liability insurance policy has been issued, is "uninsured" within the meaning and spirit of that term, as contained in R. C. 3937.18, if the policy does not encompass situations for which the vehicle was being used at the time of the collision.

R. C. 3937.18 provides, in pertinent part, as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state***unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who *are legally entitled to recover damages from owners or operators of*

*uninsured motor vehicles because of bodily injury*** resulting therefrom.*** [Emphasis added.]
"***

"(C) In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, *the insurer* making such payment to the extent thereof *is entitled to the proceeds of* any settlement or judgment resulting *from the exercise of any rights of recovery* of such person against any person or organization *legally responsible* for the bodily injury or death *for which such payment is made*** .*" (Emphasis added.)

Pursuant to R. C. 3937.18(A), the policies issued by appellants to appellees contained the following provision:

"Coverage U—Damages for Bodily Injury Caused by Uninsured Motor Vehicles.

"To pay all sums which the *insured* or his legal representative *shall be legally entitled to recover as damages from* the owner or operator of an uninsured motor vehicle because of *bodily injury* sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such *uninsured motor vehicle* provided for the purposes of this coverage, determination as to whether the insured or such representative is *legally entitled* to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company, or if they fail to agree, by arbitration." (Emphasis added.)

We hold that the legislative intent of R. C. 3937.18, the uninsured motorist statute, does not encompass the situation at hand, in that the city was never legally liable.

It is undisputed that, at the time of the collision, the city maintained liability insurance on its fire truck operated by Bolden, a city employee. It is also undisputed that the fire truck in the instant cause was involved in a collision while en route to an emergency.

The Hartford Insurance Group denied the claim on the basis of the city's immunity in performance of its fire protection duties. R. C. 701.02 provides that:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a govern-

mental function, shall be a full defense as to the negligence of:
"* * *

(B) Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm."

The intent and thrust of R. C. 3937.18 is not to provide coverage in all situations that might otherwise go uncompensated; rather, the uninsured motorist provision applies only when there is a *lack of liability insurance.* The insurance policy, and more importantly the statute, are not implemented when there is a *lack of liability* due to immunity.

In *Bartlett* v. *Nationwide Mutl. Ins. Co.* (1973), 33 Ohio St. 2d 50, this court, at page 52, stated:

"The basic purpose of R. C. 3937.18 is clear. It 'is designed to protect persons injured in automobile accidents from losses which, because of the tortfeasor's *lack of liability coverage,* would otherwise go uncompensated.' *Abate* v. *Pioneer Mutual Cas. Co.* (1970), 22 Ohio St. 2d 161, 165, 258 N. E. 2d 429; *Curran* v. *State Automobile Mutl. Ins. Co.* (1971), 25 Ohio St. 2d 33, 266 N. E. 2d 566; see, also, Note 1, 20 Cleve. L. Rev. 10 (1971).* * *" (Emphasis added.)

The statute itself clearly indicates that the impetus and dominant feature for imposing the uninsured motorist provision is "for the protection of persons insured thereunder who *are legally entitled to recover damages from* owners or operators of uninsured motor vehicles." (Emphasis added.)

It is obvious from a reading of the statute that the insured must be an entity capable of collecting *from* an uninsured. The city, in the instant cause, is cloaked with immunity, and, therefore, the appellees are *not legally* entitled to recover damages *from* the city.

It is the legal defense, and not the status of insurance, that warrants our decision herein. The uninsured motorist coverage is to apply only in those situations in which the *"lack of liability insurance"* is the reason the claim goes uncompensated, and not when the claim goes uncompensated because of the *lack of liability* due to the substantive laws of Ohio.

Therefore, it is unnecessary to determine whether the city was an uninsured motorist. The fact that appellees were not

capable of recovering in any event due to the city's immunity is dispositive of this cause.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.