SUMWALT, APPELLANT, *v.* ALLSTATE INSURANCE COMPANY, APPELLEE.

[Cite as Sumwalt *v.* Allstate Ins. Co. (1984), 12 Ohio St. 3d 294.]

(No. 82-1839—Decided August 1, 1984.)

*Murray & Murray Co., L.P.A.,* and *Mr. Patrick Murray,* for appellant.

*Flynn, Py & Kruse Co., L.P.A.,* and *Mr. Charles W. Waterfield,* for appellee.

CLIFFORD F. BROWN, J. The sole issue presented on appeal is whether plaintiff-appellant has a right to uninsured motorists benefits under her insurance policy with defendant-appellee containing the following uninsured motorists provision:

"We will pay damages for bodily injury, sickness, disease or death which a person insured is *legally entitled to recover* from the owner or *operator of an*

*uninsured auto.* Injury must be caused by accident and arise out of the ownership, maintenance or use of an uninsured auto." (Emphasis added.)

We conclude that appellant has a right to uninsured motorists benefits under the coverage provided by appellee for the reasons that follow.

There is no Ohio legal precedent interpreting the phrase "legally entitled to recover" contained in the uninsured motorists provision of appellant's policy as it relates to the defense of immunity of the unemancipated child to a negligence action pursued by his parent. The difficulty created in interpreting and applying this phrase is our holding in *Mauk* v. *Mauk* (1984), 12 Ohio St. 3d 156, that an unemancipated child has the absolute immunity defense for a negligence action pursued by his parent. Appellee contends, and the court of appeals in this case agreed, that this basic principle of intrafamily immunity was dispositive of the case.

Appellee's rationale, accepted by the court of appeals, is that since intrafamily tort immunity bars recovery by appellant from her unemancipated son based upon his negligence, then by reason thereof appellant is not *"legally entitled to recover* from the owner or *operator of an uninsured auto"* (emphasis added) within the meaning of the uninsured motorists coverage provision. We reject that rationale.

The phrase "legally entitled to recover from the owner or operator of an uninsured auto," contained in the uninsured motorist provision of appellant's policy, means that the insured must be able to prove the elements of her claim necessary to recover damages. That the uninsured motorist tortfeasor has a child-parent immunity does not affect the insured's elements of the claim for damages nor the insured's right to recover uninsured motorists benefits from her insurer. *Allstate Ins. Co.* v. *Elkins* (1979), 77 Ill. 2d 384, 396 N.E. 2d 528.

With reference to the defense of interspousal immunity, by a parity of reasoning with *Elkins, supra,* the court in *Guillot* v. *Travelers Indemn. Co.* (La. App. 1976), 338 So. 2d 334, held that the doctrine of interspousal immunity did not bar the wife's right to recover under an uninsured motorists provision because the defense was personal to the tortfeasor spouse and was not available to the insurer.

After referring to the earlier decision of *Gremillion* v. *State Farm Mut. Auto. Ins. Co.* (La. App. 1974), 302 So. 2d 712, the Louisiana court in *Guillot, supra,* stated at 336:

"* * * In *Gremillion* we held that the defense of interspousal immunity is personal to the husband or wife and cannot be raised by an insurer in a direct action against same.

"In *Gremillion* we quoted extensively from *Booth* v. *Fireman's Fund Insurance Company,* 253 La. 521, 218 So. 2d 580 (1968) as follows:

" '* * * the insurer does not stand in the shoes of the uninsured motorist who is the tort feasor.

" '* * *

" 'We interpret the words "legally entitled to recover" to mean simply

that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages.' " See, also, *Deshotel* v. *Travelers Indemn. Co.* (1971), 257 La. 567, 243 So. 2d 259.

The court of appeals in this case in reaching its decision relied heavily upon *York* v. *State Farm Fire & Cas. Co.* (1980), 64 Ohio St. 2d 199 [18 O.O.3d 412]. *York* is distinguishable and inapplicable because of the substantive statutory immunity provided to the city of Elyria by R.C. 701.02. The court in *York* stated that uninsured motorists coverage would not apply "when the claim goes uncompensated because of *lack of liability* due to the substantive laws of Ohio." (Emphasis *sic.*) *Id.* at 202.

On the basis of the rationale previously set forth in this opinion holding the insurer liable to its insured for uninsured motorists benefits even where the uninsured tortfeasor is the child of the insured, our recent holdings in *Mauk* v. *Mauk, supra,* and *Bonkowsky* v. *Bonkowsky* (1982), 69 Ohio St. 2d 152 [23 O.O.3d 188], are inapplicable to the case here.

Three members of the majority in this case express the view that the parent-child immunity restated in *Karam* v. *Allstate Ins. Co.* (1982), 70 Ohio St. 2d 227 [24 O.O.3d 327], should be overruled in its entirety for all purposes, and not just for the limited purpose expressed in *Dorsey* v. *State Farm Mut. Auto. Ins. Co.* (1984), 9 Ohio St. 3d 27 (and see concurring opinions therein). Therefore, the posture and efficacy of *Karam* is as stated in the majority opinion in *Dorsey.*

The judgment of the court of appeals is reversed.

*Judgment reversed.*

SWEENEY and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., concurs in the syllabus and judgment only.

W. BROWN, J., concurs separately.

LOCHER and HOLMES, JJ., dissent.

WILLIAM B. BROWN, J., concurring. This case involves, first and foremost, a question of the continued viability of intrafamily immunity. Indeed, it is unnecessary to indulge in the convoluted interpretation of the phrase "legally entitled to recover" until it has first been determined that intrafamily immunity would otherwise bar the action.

I have repeatedly made my position on the issue of intrafamily immunity clear. See *Dorsey* v. *State Farm Mut. Auto. Ins. Co.* (1984), 9 Ohio St. 3d 27, 30 (William B. Brown, J., concurring); *Mauk* v. *Mauk* (1984), 12 Ohio St. 3d 156, 160 (William B. Brown, J., dissenting). It is therefore unnecessary for me to repeat my prior concerns.

I concur in judgment only.

HOLMES, J., dissenting. By attempting to create a distinction without a difference, today's majority opinion *sub silentio* places a foot in the door to abrogate the doctrine of parent-child immunity which was recently upheld by this court in *Mauk v. Mauk* (1984), 12 Ohio St. 3d 156. Thus, I dissent.

The relevant portion of the uninsured motorist provision at issue states:

"We will pay damages for bodily injury, sickness, disease or death which a person insured is *legally entitled to recover* from the owner or operator of an uninsured auto." (Emphasis added.)

While the majority begs the question by stating that there is no precedent in this state which interprets the phrase "legally entitled to recover," it is clear from prior case law that a mother is not legally entitled to recover from her unemancipated child in a negligence action. *Mauk, supra.* The unemancipated child is protected by absolute immunity. Therefore, appellant is precluded from recovering under the uninsured motorist provision as there is no basis for liability under the facts presented. In the absence of liability, there is no protection for an injured plaintiff under an uninsured proviso.

Other jurisdictions have reached similar conclusions. In *Markham v. State Farm Mut. Auto. Ins. Co.* (C.A. 10, 1972), 464 F. 2d 703, the Tenth Circuit Court of Appeals ruled that due to parent-child immunity a mother could not recover from her insurer under an uninsured motorist provision since she was not legally entitled to recover damages from her daughter. See, also, *Patrons Mut. Ins. Assn. v. Norwood* (Kan. 1982), 647 P. 2d 1335; *Bocek v. Inter-Ins. Exchange of Chicago Motor Club* (Ind. App. 1977), 369 N.E. 2d 1093 (limits the cause of action under an uninsured motorist provision to those who could recover against the offending motorist if such person had maintained liability insurance); Annotation (1958), 60 A.L.R. 2d 1284, and cases cited therein.

This court has previously faced an analogous situation in *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St. 2d 199 [18 O.O.3d 412]. In *York,* the plaintiffs were injured when the van in which they were riding collided with a fire truck owned by the city of Elyria. The insurance carrier for the municipality denied coverage on the basis of R.C. 701.02 which grants governmental immunity to the city and members of its fire department while responding to an emergency. Thus, plaintiffs sought relief by virtue of qualifying under the uninsured motorist provision to a policy owned by the driver of the van.

This court unanimously denied plaintiffs' recovery on the premise that an uninsured motorist proviso is for the protection of persons insured thereunder and such provisions apply only to those who are legally entitled to recover damages from the owner or operator of the vehicle. In construing the phrase "legally entitled to recover" in the context of the uninsured motorist statute, we stated:

"The intent and thrust of R.C. 3937.18 is not to provide coverage in all situations that might otherwise go uncompensated; rather, the uninsured motorist provision applies only when there is a *lack of liability insurance. The*

*insurance policy, and more importantly the statute, are not implemented when there is a lack of liability due to immunity.*" (Emphasis added in part.) *York, supra,* at 202.

We also set forth legal framework in *York* in an effort to guide members of the bench and bar of this state. This court specifically provided:

"It is the legal defense, and not the status of insurance, that warrants our decision herein. The uninsured motorist coverage is to apply only in those situations in which the '*lack of liability insurance*' is the reason the claim goes uncompensated, and not when the claim goes uncompensated because of the lack of liability due to the substantive laws of Ohio." (Emphasis *sic.*) *Id.*

The majority herein attempts to distinguish *York* on the basis that the city of Elyria was granted statutory immunity pursuant to R.C. 701.02. The majority finds a difference between this statutory immunity and the common-law immunity of parent-child. I fail to see any difference. The general policy reasons which support immunities are the same no matter the origin of the particular immunity involved. There are certain traditional values in our society which we deem important enough to protect from liability.

I cannot in good conscience distinguish the *York* decision from the facts presented here. Accordingly, I would affirm the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.