KARAM ET AL., APPELLEES, *v.* ALLSTATE INSURANCE COMPANY ET AL., APPELLANTS.

138

(No. 84AP-1094—Decided October 1, 1985.)

*Wolske & Blue* and *Walter J. Wolske, Jr.,* for appellees.

*Crabbe, Brown, Jones, Potts & Schmidt, Theodore D. Sawyer* and *David J. Richards,* for appellants.

REILLY, P.J. This is an appeal from a declaratory judgment of the Court of Common Pleas of Franklin County.

A vehicle driven by Rose Karam collided with another vehicle driven by William Chapin, on August 14, 1978. Rose Karam, her two nieces and one nephew were killed as a result of the collision. Plaintiffs Rashid, Rola and Rita Karam, children of Rose and Maurice Karam, sustained injuries from the accident.

Thereafter, on January 15, 1980, Maurice Karam, as next of kin and individually, brought an action against the defendants and the estate of Rose Karam to recover damages and medical expenses. In the initial action, cited as *Karam* v. *Allstate Ins. Co.* (1982), 70 Ohio St. 2d 227 [24 O.O.3d 327], the Supreme Court held that the doctrine of parent-child immunity prohibited an action for negligence against the estate of Rose Karam. The court, at 234-235, further held that the original dismissal of the insurance companies by the trial court was error but was not prejudicial considering its holding on parental immunity. *Karam* was overruled in *Dorsey* v. *State Farm Mut. Auto. Ins. Co.* (1984), 9 Ohio St. 3d 27, where the court held parental immunity did not bar an action against the estate of a deceased parent and the parent's liability insurance company.

Plaintiffs subsequently filed this declaratory judgment action against the Allstate Insurance Company ("Allstate") and the Buckeye Union Insurance Company ("Buckeye") for benefits under the uninsured motorist provisions in both policies. The trial court held that as to the children, due to the result of parental immunity, Rose Karam was an "uninsured motorist" within the meaning of both insurance policies and R.C. 3937.18. Thus, plaintiffs, as "insureds" under the policies, were entitled to the uninsured motorist benefits of the policies. The trial court further held that the coverage provided by the two policies could be "stacked" so that the total amount of uninsured coverage is $300,000 per person/ $800,000 per occurrence.

Defendants advance the following three assignments of error:

"1. The trial court erred in grant-

ing to plaintiffs-appellees a declaratory judgment in holding that Rose Karam was an 'uninsured motorist' within the meaning of both of defendant's policies of insurance and Ohio Revised Code § 3937.18.

"2. The trial court erred in denying defendants-appellants' motion for summary judgment.

"3. The trial court erred in granting plaintiffs-appellees' declaratory judgment in holding that the coverages provided by both policies of insurance may be 'stacked' to effect total coverage of $300,000.00 each person/$800,000.00 each occurrence."

In their first assignment of error, defendants contend that the trial court erred in finding Rose Karam to be an uninsured motorist based on *Sumwalt* v. *Allstate Ins. Co.* (1984), 12 Ohio St. 3d 294. In *Sumwalt,* a mother was injured when her eleven-year-old son started her automobile with the transmission in gear. The car lurched forward striking the plaintiff. Plaintiff filed an action to determine if she had a right to uninsured motorist benefits under her automobile liability insurance policy. The court held in the syllabus of *Sumwalt:*

"The phrase 'legally entitled to * * * [recover] from the owner or operator of an uninsured auto,' contained in the uninsured motorist provision of an automobile liability insurance policy, means that the insured must be able to prove the elements of her claim necessary to recover damages. That the uninsured motorist tortfeasor has a child-parent immunity as a defense in an action brought against him by his parent does not affect the insured's elements of the claim for damages nor the insured's right to recover uninsured benefits from her insurer."

Thus, *Sumwalt* turned on the court's interpretation of the phrase "legally entitled to recover," which also appears in the uninsured motorist benefits provisions in Allstate and Buckeye's policies. Once an insured proves the elements of the claim, he has shown his legal right to recover under this provision. The right to recover is not affected by a family immunity defense because that defense is personal to the tortfeasor and cannot be raised by the insurer.

Defendants argue that the facts of this case are more similar to *York* v. *State Farm Fire & Cas. Co.* (1980), 64 Ohio St. 2d 199 [18 O.O.3d 412], where the court held that the statutory immunity granted to the city of Elyria precluded the plaintiffs from recovering under the relevant uninsured motorist provision. The court in *Sumwalt, supra,* at 296, however, distinguished *York* on the basis of the substantive statutory immunity provided to the city by former R.C. 701.02.

Defendants also note the language defining "uninsured automobile" in their policies to support their claim that plaintiffs should not recover under this provision. The definition specifically excludes an "insured automobile." The contention is that because the car driven by Rose Karam was insured, it is not covered by the uninsured motorist provision. Nevertheless, although Rose Karam's automobile liability insurance did cover the automobile involved, it did not cover the plaintiffs due to their relationship with the tortfeasor. The effect of the parent-child relationship and the resulting immunity is to make Rose Karam an uninsured motorist as to her children and spouse. If, as the Supreme Court held in *Sumwalt,* a mother can recover under her own automobile liability insurance policy pursuant to the uninsured motorist provision when her son is the negligent tortfeasor, it follows that children may recover under the same provision when their mother is the negligent tortfeasor.

Accordingly, defendants' first assignment of error is overruled.

In their second assignment of error, defendants maintain that the trial court erred by failing to apply the doctrine of

*res judicata,* thereby dismissing this action. This assignment of error is not well-taken. *Res judicata* acts to bar relitigation of the same cause of action between the same parties. A final judgment or decree in an action, however, does not bar a subsequent action where the causes of action are not the same even though each action relates to the same subject matter. *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108 [49 O.O.2d 435], paragraph two of the syllabus. Further, the Supreme Court has previously stated that the legal basis for recovery under the uninsured motorist coverage of an insurance policy is contract and not tort. *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293, 295 [23 O.O.3d 281], citing *Motorists Mut. Ins. Co.* v. *Tomanski* (1971), 27 Ohio St. 2d 222, 223 [56 O.O.2d 133].

The first case, *Karam* v. *Allstate Ins. Co., supra* (70 Ohio St. 2d 227), was a tort action against the estate of Rose Karam and the insurers based on the alleged negligence of Rose Karam. This action, on the other hand, is based on the contract provisions providing for uninsured motorist benefits. Considering the principles set forth in *Whitehead, supra, res judicata* does not bar this action.

Therefore, defendants' second assignment of error is overruled.

Defendants' third assignment of error involves the trial court's finding that the total coverage of both the Allstate policy and the Buckeye policy could be stacked. The Allstate policy provided coverage of $50,000 per person/$100,000 per occurrence of uninsured motorist benefits on a 1977 American Motors Pacer and the same coverage on a 1965 Buick LaSabre. The Buckeye policy provided coverage of $100,000 per person/$300,000 per occurrence on the two cars as well. The court held, based on *Auto-Owners Mut. Ins. Co.* v. *Lewis* (1984), 10 Ohio St. 3d 156, that the amount of uninsured motorist coverage for each vehicle may be aggregated.

Thus, the total amount of uninsured motorist coverage provided by Allstate is $100,000 per person/$200,000 per occurrence, and the total for the Buckeye policy is $200,000 per person/$600,000 per occurrence. Moreover, the court stacked these two policies so that the total coverage provided was $300,000 per person/$800,000 per occurrence.

Defendants contend that language in both policies limits their liability to the higher amount when other insurance exists thereby making the total coverage available $200,000 per person as provided by the Buckeye policy. Defendants base this claim on the following provision appearing in virtually the same form in both policies:

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The Supreme Court in *Curran* v. *State Auto. Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33 [54 O.O.2d 166], addressed the issue of "other insurance" clauses. In paragraph one of the syllabus, the court stated:

"Where an insurer provides uninsured motorist protection, as required by R.C. 3937.18, it may not avoid indemnification of its insured under that coverage by including in the insurance contract an 'other insurance' clause, which, if applied, would relieve the insurer from liability in circumstances where the insured has other similar insurance available to him from which he could be indemnified. Such an uninsured motorist coverage limitation is repugnant to the statute."

Defendants contend that *Curran* only applies when an insurance company would completely escape liability due to the "other insurance" clause and that the clause, herein, on the other hand, would only limit their liability in proportion to the total coverage and not completely relieve either company of any liability. Notwithstanding, the decision in *Curran* was based on a broad construction of R.C. 3937.18 with the purpose of protecting persons injured thereunder who are legally entitled to recover damages. In *Curran,* the court did not limit its holding to those "other insurance" clauses which relieved a company of liability.

It is noted that R.C. 3937.18 was subsequently amended effective 1980 (see 138 Ohio Laws, Part I, 1458, 1459) to allow terms and conditions that preclude stacking. Nevertheless, this action arose in 1978 prior to the amendment and is therefore determined by the law in effect at that time.

Defendants' third assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and WHITESIDE, JJ., concur.