OPINION
On April 23, 1994, plaintiff-appellant, Eddie C. Middleton, was injured when the van he was driving was struck by a city of Hamilton ("city") fire truck which was responding to an emergency call. Middleton and his wife, plaintiff-appellant, Suzanne M. Middleton ("the Middletons"), were covered by an automobile insurance policy with defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm") at the time the accident occurred. The Middletons' policy with State Farm obligated the insurer to "pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle." The Middletons presented an uninsured motorist claim to State Farm which it declined to pay.
On January 12, 1996, the Middletons brought suit against the driver of the fire truck, Michael B. Jackson, the city, and State Farm in the Butler County Court of Common Pleas. The Middletons' complaint alleged that they were entitled to uninsured motorist coverage under the express terms of their automobile insurance policy. State Farm subsequently filed a motion for summary judgment pursuant to Civ.R. 56(C). State Farm argued that the Middletons were not entitled to uninsured motorist coverage because both Jackson and the city were statutorily immune from liability.
The trial court bifurcated the proceedings and held a bench trial to determine whether Jackson and the city were immune from liability. The trial court found that both Jackson and the city were immune from lability under R.C. Chapter 2744. R.C. 2744.02
and 2744.03 provide, in pertinent part, as follows:
 Sec. 2744.02 Classification of functions of political subdivisions; liability; exceptions.
* * *
 (B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:
* * *
 (b) A member of a municipal corporation fire department or any other firefighting agency was operating a motor vehicle while engaged in duty at a fire, proceeding toward a place where a fire is in progress or is believed to be in progress, or answering any other emergency alarm and the operation of the vehicle did not constitute willful or wanton misconduct;
* * *
 Sec. 2744.03 Defenses or immunities of subdivision and employee.
 (A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property * * * the following defenses or immunities may be asserted to establish nonliability:
* * *
 (6) * * * [T]he employee is immune from liability unless one of the following applies:
 (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;
 (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;
 (c) Liability is expressly imposed upon the employee by a section of the Revised Code. * * *
On September 4, 1997, the trial court issued a detailed written decision in which it granted State Farm's motion for summary judgment. The court reasoned that State Farm was not obligated to pay the Middletons' uninsured motorist claim because the Middletons were not "legally entitled" to collect damages for bodily injury from either Jackson or the city because of their statutory immunity. The Middletons now appeal setting forth the following assignment of error:
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT CONCLUDED THAT THE UNINSURED MOTORIST INSURANCE POLICY WAS NOT TRIGGERED BECAUSE OF THE LACK OF LIABILITY OF THE CITY OF HAMILTON AND MICHAEL JACKSON DUE TO EMERGENCY VEHICLE IMMUNITY.
Civ.R. 56(C) specifically provides that summary judgment is appropriate where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Bostic v. Connor (1988), 37 Ohio St.3d 144, 146.
R.C. 3937.18 governs uninsured motorist coverage and provides, in pertinent part, as follows:
 (A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 (1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death * * *.
 For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage.
The language of R.C. 3937.18(A)(1) which provides that a tortfeasor's statutory immunity does not affect an insured's right to collect uninsured motorist coverage was enacted as Am.Sub.S.B. No. 20 ("S.B. 20") on July 21, 1994. S.B. 20 subsequently took effect on October 10, 1994 and does not apply retroactively to causes of action accruing prior to that date. Cartwright v. The Maryland Ins. Group (1995), 101 Ohio App.3d 439,444; Riley v. Progressive Specialty Insurance Co. (Feb. 26, 1996), Warren App. No. CA95-11-106, unreported; Nationwide Insurance Co. v. Shelton (Feb. 12, 1996), Brown App. No. CA95-09-014, unreported. The record indicates that the accident in this case occurred on April 23, 1994. Therefore, the amendment to R.C. 3937.18(A)(1) enacted by S.B. 20 does not apply to this case and we must instead determine whether the Middletons are entitled to uninsured motorist coverage under prior Ohio law.
In York v. State Farm Fire and Cas. Co. (1980), 64 Ohio St.2d 199, the Ohio Supreme Court considered whether an insured is entitled to uninsured motorist coverage under facts nearly identical to this case. The insureds in York were riding in a van at the time it collided with a city-owned fire truck. Id. The insureds brought suit against both the driver of the fire truck and the city. Id. The insureds also asserted an uninsured motorist claim against State Farm Fire and Casualty Company. Id. The trial court granted summary judgment for the insureds on their uninsured motorist claim. Id. at 200.
On appeal, the Supreme Court held that the insureds were not entitled to uninsured motorist coverage under former R.C. 3937.18
or the express language of their policy because they were not "legally entitled" to collect damages for bodily injury from either the driver of the fire truck or the city who were both immune from liability by statute. Id. at 201-02. The court reasoned that:
 The intent and thrust of R.C. 3937.18 is not to provide coverage in all situations that might otherwise go uncompensated; rather, the uninsured motorist provision applies only when there is a lack of liability insurance. The insurance policy, and more importantly the statute, are not implemented when there is a lack of liability due to immunity.
* * *
 It is obvious from a reading of the statute that the insured must be an entity capable of collecting from an uninsured. The city, in the instant cause, is cloaked with immunity, and, therefore, the [insureds] are not legally entitled to recover damages from the city.
 It is the legal defense, and not the status of insurance, that warrants our decision herein. The uninsured motorist coverage is to apply only in those situations in which the "lack of liability insurance" is the reason the claim goes uncompensated, and not when the claim goes uncompensated because of the lack of liability due to the substantive laws of Ohio.
Id. at 202. (Emphasis in original). See, also, State Farm Mut. Auto. Ins. Co. v. Webb (1990), 54 Ohio St.3d 61, 64.
Applying the rule set forth in York, we hold that the Middletons are not entitled to uninsured motorist coverage in this case. The record indicates that Jackson and the city were determined to be immune from liability under R.C. 2744.02 and2744.03. The Middletons are consequently not "legally entitled" to collect damages for bodily injury from either Jackson or the city and as such have no right to receive uninsured motorist coverage under either former R.C. 3937.18 or the express language of their policy with State Farm. Therefore, the trial court properly granted summary judgment since no genuine issue of material fact remains to be litigated and State Farm is entitled to judgment as a matter of law. The Middletons' sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., concurs.
KERNS, J., dissents.