OPINION
Appellants Nationwide Insurance Company ("Nationwide") and Sentry Insurance Company ("Sentry") are appealing the decision of the Stark County Court of Common Pleas that denied them summary judgment and granted summary judgment on behalf of Appellees Eddine Csulik, Nicole Csulik and Tiffany Lowden.
The facts giving rise to this appeal are undisputed. On July 20, 1995, Jerome Csulik, a Stark County resident, was driving his Chevrolet S-10 Blazer southbound on State Route 79 in Pennsylvania. Nicole Csulik and Tiffany Lowden, both Stark County residents, were passengers in the vehicle. Dale Sorenson, a resident of the State of Pennsylvania, was driving a Dodge Dakota pick-up truck northbound in the southbound lanes of State Route 79. As a result of Sorenson's negligence, a head-on collision occurred, which resulted in the deaths of Sorenson and Jerome Csulik. Nicole Csulik incurred medical expenses in excess of $60,000. Tiffany Lowden incurred medical expenses in excess of $50,000.
Sorenson had liability coverage through Erie Insurance Company ("Erie") with limits of $100,000/$300,000. Erie paid its limits with the approval of the underinsured ("UIM") carriers. The Csulik family had uninsured ("UM") and UIM coverage of $300,000/$500,000 with Nationwide. Nationwide paid Eddine Csulik $200,000 in regard to the wrongful death claim of Jerome Csulik. No UIM benefits have been paid to Nicole Csulik.
Tiffany Lowden is the stepdaughter of Larry Oney. At the time of the accident, Oney had insurance through Sentry Insurance with limits of $50,000/$100,000. No UIM benefits have been made to Tiffany Lowden.
On January 21, 1997, Appellees Eddine Csulik, Nicole Csulik and Tiffany Lowden filed lawsuits against Nationwide, Nationwide Fire and Nationwide PC. Also on this date, Tiffany Lowden filed her lawsuit against Sentry. All three appellees prayed for declaratory judgment and damages pursuant to the UM/UIM coverage contained in the automobile liability policy issued to Jerome Csulik by Nationwide. Appellee Eddine Csulik's claim for damages arises out of Jerome Csulik's wrongful death. Appellees Nicole Csulik and Tiffany Lowden seek to recover for their own personal injuries. Appellee Lowden's claim against Sentry is for declaratory judgment and damages under the UM/UIM coverage of a policy issued by Sentry to her stepfather.
All parties moved for summary judgment. On July 22, 1997, the trial court ruled that Pennsylvania law applied to both the tort aspects and contract portions of the case. The trial court declined to rule that Nationwide or Sentry is entitled to set off payments received from the tortfeasor and also declined to declare that the coverage available is subject to the policy limits set forth in the contracts of insurance. Both Nationwide and Sentry timely filed separate notices of appeal. For purposes of appeal, we consolidated these two cases. The parties set forth the following assignments of error for our consideration:
Nationwide's Assignments of Error
 I. THE TRIAL COURT ERRED IN HOLDING THAT PENNSYLVANIA LAW GOVERNED THE INTERPRETATION OF THE UM/UIM PROVISIONS OF AN INSURANCE POLICY ENTERED INTO IN OHIO, WITH AN OHIO RESIDENT AS THE NAMED INSURED, FOR A VEHICLE GARAGED IN OHIO WHERE ONLY THE ACCIDENT OCCURRED IN PENNSYLVANIA.
 II. THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE UM/UIM CARRIER, NATIONWIDE, IS ENTITLED TO SET-OFF PAYMENTS MADE BY THE TORTFEASOR.
 III. THE TRIAL COURT ERRED IN FAILING TO HOLD THAT THE "PER ACCIDENT" LIMIT OF COVERAGE APPLIES TO LIMIT THE POTENTIAL RECOVERY OF PLAINTIFF'S NICOLE CSULIK AND TIFFANY LOWDEN.
 Sentry's Assignments of Error
 I. THE TRIAL COURT ERRED IN HOLDING THAT PENNSYLVANIA TORT LAW GOVERNS INTERPRETATION OF ENTITLEMENT OF BENEFITS TO AN INSURANCE POLICY ENTERED INTO IN OHIO, WITH AN OHIO RESIDENT AS THE NAMED INSURED, FOR VEHICLES PRINCIPALLY GARAGED AND REGISTERED IN OHIO, AND WHICH EXTENDS COVERAGE TO THE NAMED INSURED'S FAMILY MEMBERS RESIDING IN THE SAME HOUSEHOLD.
 II. THE TRIAL COURT ERRED IN HOLDING THAT SENTRY IS NOT ENTITLED TO SET OFF PAYMENTS MADE BY THE TORTFEASOR'S LIABILITY CARRIER AGAINST THE AVAILABLE UNDERINSURED MOTORIST LIMITS.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 289.
It is based upon this standard that we review appellants' assignments of error.
 I
We will address appellants' first assignments of error simultaneously as each appellant contends, in its first assignment of error, that the trial court erred when it found that Pennsylvania tort law governed the interpretation and entitlement to UM/UIM benefits of an insurance policy. We agree.
All parties agree that Pennsylvania law applies to determine the existence and extent of liability between appellees and the tortfeasor. However, the parties disagree as to what law applies regarding the interpretation of UM/UIM benefits between appellants and appellees. In the case sub judice, the trial court held that Pennsylvania law applies when interpreting the contractual relationship concerning UM/UIM benefits because the phrase "due by law" contained in Nationwide's policy is ambiguous and Nationwide could have indicated the phrase was expressly intended to mean the home state of the insured. Judgment Entry, July 22, at 3.
In support of its conclusion that Pennsylvania law applies, the trial court noted that Nationwide's policy sets forth the applicable statute of limitations for bringing a UIM claim as being governed by the law of the jurisdiction where the accident occurred. Id. The trial court reasoned that likewise, the phrase "due by law" should be the law of the state where the accident occurred. Id.
We respectfully disagree with the trial court's conclusion and find that the law of the State of Ohio is applicable in defining the contractual relationship between appellants and appellees as it pertains to UM/UIM benefits. In reaching this conclusion, several issues must be considered. First, although Sorenson's legal obligation to appellees sounds in tort, appellees action for recovery under the UM/UIM provisions of the policies sounds in contract. Kraly v. Vannewkirk (1994), 69 Ohio St.3d 627,632; Miller v. Progressive Cas. Ins. Co. (1994), 69 Ohio St.3d 619,624; Colvin v. Globe Am. Cas. Co. (1982), 69 Ohio St.2d 293,295; Motorists Mut. Ins. Co. v. Tomanski (1971), 27 Ohio St.2d 222,222-223. This is based upon the fact that an insurance company's obligation to its insured must be determined by the terms of the insurance policy, i.e. the contract between the parties. Hunt v. Nationwide Mut. Ins. Co. (July 6, 1995), Cuyahoga App. No. 66562, unreported, at 6, citing Kurent at 243-244.
Furthermore, "[i]t is well settled in Ohio that cases involving a contract, the law of the state where the contract is made governs interpretation of the contract." Nationwide v.Ferrin (1986), 21 Ohio St.3d 43, 44. In deciding choice of law questions involving the interpretation of contracts of insurance, the following factors are to be considered: (1) the location of the execution of the contract; (2) negotiation or performance of the contract; (3) the location of the subject matter of the contract; and (4) the domicile, residence, nationality, place of incorporation and place of business of the parties. Ferrin at 45, citing Restatement of the Law2d, Conflict of Laws (1971), Section 188.
Pursuant to the above analysis, we find Ohio law applies to the UM/UIM provisions of the policies at issue on appeal. The contracts were made in Ohio, the insured vehicle was principally garaged in Ohio and appellees are Ohio residents dealing with Ohio insurance agents based in Ohio offices. Under this analysis, Pennsylvania's interest in this litigation is not greater than that of the State of Ohio.
Second, we must analyze the language used by appellants in the policies issued to Appellees Csuliks and Lowden. At page one of the Endorsement 2352, Nationwide's policy provides:
 We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the ownership, maintenance or use of the uninsured motor vehicle. (Emphasis added.)
Nationwide's policy provides UM/UIM coverage to Appellees Nicole Csulik and Tiffany Lowden pursuant to the following language:
OTHER PERSONS
 We will pay compensatory damages, including derivative claims, which are due by law to other persons who: (1) are not a named insured or an insured household member for similar coverage under another policy; and (2) suffer bodily injury while occupying your auto. (Emphasis added.)
Finally, page nine of Sentry's "Plain Talk" car policy contains the following language:
 UNINSURED MOTORIST INSURANCE OUR PROMISE TO YOU
 We promise to pay the damages you're legally entitled to receive from the owner or operator of an uninsured motor vehicle because of bodily injury. (Emphasis added.)
In interpreting the above language, we refer to the case ofSumwalt v. Allstate Ins. Co. (1984), 12 Ohio St.3d 294, syllabus, wherein the Ohio Supreme Court held the phrase "legally entitled to recover" means the insured must be able to prove the elements of his or her claim. We find the language contained in Sentry's policy, "legally entitled to receive" almost identical to the language analyzed in the Sumwalt case. As such, Appellee Lowden is entitled to UM/UIM benefits from Sentry if she can prove the elements of her claim.
As to the language used by Nationwide, we could find no cases defining the phrase "due by law" nor did the parties cite us to any such cases. However, we find the language "due by law" similar to the language analyzed in the Sumwalt case. Black's Law Dictionary defines "due" as: "[o]wing; payable; justly owed. That which one contracts to pay or perform to another;". Black's Law Dictionary (6 Ed. 1990), 499. We find the use of the word "due" has the same meaning as "legally entitled" because the insureds must be able to prove the elements of their claims before UM/UIM benefits are "owing" or "payable" by law. Further, since we have already determined that Ohio law applies when interpreting the contract of insurance between an insurer and an insured, the phrase "by law" refers to the law of the State of Ohio.
Appellant Nationwide and Sentry's first assignments of error are sustained.
 II
We will address Nationwide's second and third assignments of error simultaneously. Appellant Nationwide contends, in its second assignment of error, that the automobile liability policy issued to Jerome Csulik provides UM/UIM coverage with limits of $300,000 for each person suffering injuries in the accident, up to a maximum payment of $500,000. Each of the three appellees has received a $100,000 payment from Sorenson's liability carrier, Erie. Nationwide argues that pursuant to R.C. 3937.18 and the language contained in its policy, Nationwide is entitled to set off $100,000 against each of the separate claims being pursued by all three appellees.
Nationwide argues, in its third assignment of error, that the "per accident" limit of $500,000 applies to limit the potential recovery of Appellees Nicole Csulik and Tiffany Lowden. We agree.
R.C. 3937.18, as amended by Senate Bill 20 on October 20, 1994, provides for a mandatory offering of UM/UIM coverage. The accident in the case sub judice occurred on July 20, 1995, and is therefore governed by the amended version of R.C. 3937.18(A)(2). This statute provides, in pertinent part:
 (A) (2) * * * Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
The Ohio Supreme Court declared this statute constitutional in the case of Beagle v. Walden (1997), 78 Ohio St.3d 59, 65. In applying the above law to the facts of the case under consideration, we reach the following results. As to the claim of Eddine Csulik, on behalf of her decedent's statutory beneficiaries, the $300,000 per person UIM limit should be reduced by the $100,000 payment received from Erie, leaving a total maximum liability under the policy of $200,000. Nationwide has since paid $200,000 under the UIM coverage of the Csulik policy to Eddine Csulik and therefore, discharged its obligation with respect to her claim. Thus, the claims of Eddine Csulik are subject to set off and she is therefore not entitled to any further UIM coverage for the wrongful death of Jerome Csulik.
Second, with respect to the bodily injury claims of Nicole Csulik and Tiffany Lowden, we find the $300,000 limit of UIM coverage must also be set off by the $100,000 payment Nicole Csulik and Tiffany Lowden each received from Erie, leaving a maximum of $200,000 in available coverage for each claimant. Finally, Nicole Csulik and Tiffany Lowden's claims are subject to the "per accident" limit of $500,000, which has already been depleted by the $200,000 payment to Eddine Csulik. Thus, $300,000 remains to satisfy the claims of both Nicole Csulik and Tiffany Lowden.
Appellant Nationwide's second and third assignments of error are sustained.
 III
In its final assignment of error, Sentry maintains its UIM coverage limits of $50,000, contained in the insurance policy issued to Larry Oney, is less than Sorenson's limit of $100,000 contained in his policy with Erie. Therefore, pursuant to R.C.3937.18(A)(2), Tiffany Lowden is not entitled to any UIM benefits since Sorenson's limits were greater than Sentry's UIM limits.
Appellant Sentry's second assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, J., Farmer, P. J., concurs.
Hoffman, J., concurs in part and dissents in part.