¶ 54 I respectfully dissent from the majority's analysis and disposition of appellant's second assignment of error.
 {¶ 55} I agree with the majority's conclusion the Hatcher, Bingegar and Lane decisions are unpersuasive because they did not address the statutory interpretation of the phrase "legally entitled to recover" defined in S.B. 20. However, unlike the majority, I find the statutory definition is unclear and ambiguous. Because R.C. 3937.18 is a remedial statute to be liberally construed in order to afford the remedy provided, I conclude appellees are not precluded from UlM coverage based upon the statutory phrase "legally entitled to recover" as argued by Wausau.
 {¶ 56} Prior to explaining my reason for finding the phrase "legally entitled to recover" ambiguous, I find a more fundamental flaw in Wausau's argument which is independent of the issue whether the phrase is ambiguous. R.C. 3937.18(A)(1), (2) provides: "(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 {¶ 57} "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death under provisions approved by the superintendent of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, suffered by any person insured under the policy.
 {¶ 58} "For purposes of division (A)(1) of this section, a person is legally entitled to recover damages if he is able to prove the elements of his claim that are necessary to recover damages from the owner or operator of the uninsured motor vehicle. The fact that the owner or operator of the uninsured motor vehicle has an immunity, whether based upon a statute or the common law, that could be raised as a defense in an action brought against him by the person insured under uninsured motorist coverage does not affect the insured person's right to recover under his uninsured motorist coverage.
 {¶ 59} "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for an insured against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. Underinsured motorist coverage is not and shall not be excess insurance to other applicable liability coverages, and shall be provided only to afford the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured."
 {¶ 60} The "legally entitled to recover" phrase Wausau relies upon is only found in division (A)(1) of R.C. 3937.18. Division (A)(1) which only applies to "uninsured motorist coverage." Division (A)(2) applies to "underinsured motorist coverage." Unlike division (A)(1), the phrase "legally entitled to recover" does not appear in division (A)(2). Had the legislature intended the phrase to apply to underinsured motorist coverage, it would have inserted the "legally entitled to recover" language in division (A)(2). The fact the legislature specifically chose to statutorily define "legally entitled to recover' only for purposes of division (A)(1) (uninsured motorist coverage) further indicates the legislature did not intend the "legally entitled to recover" qualification to apply to underinsured motorist coverage. Because the case sub judice involves underinsured motorist coverage as set forth in division (A)(2), Wausau's argument is without merit.
 {¶ 61} Assuming, arguendo, the statutory "legally entitled to recover" qualification does apply to underinsured motorist coverage, I find the definition ambiguous. The statute does not define at what point in time the determination of an insured's legal right to recover against the owner or operator of the uninsured vehicle is to be made. Although division (A)(1) uses the present tense twice in conjunction with the phrase "legally entitled to recover," it does not indicate at what point in time the determination is to be made. R.C. 1.43(c) provides, `Words in the present tense include the future."
 {¶ 62} I suggest there are three possible points in time when the determination whether appellees are "legally entitled to recover" may be made.[2] The first is when the accident occurs (4/19/96). The second is when appellees' UIM claim accrues (10/30/96).[3] The third, as argued by Wausau, is when appellees' statutory tort cause of action for wrongful death against the tortfeasor expires because of the two year time period element contained within the wrongful death statute (4/19/98).
 {¶ 63} If either the first or second possible points in time applies, appellees are "legally entitled to recover" at either of those points in time because they were then able to prove both liability and damages. See, Sumwalt v. Allstate Ins. Co. (1984), 12 Ohio St.3d 294. Because of the ambiguity in the statute as to when the insured must be "legally entitled to recover," and because R.C. 3937.18 is a remedial statute to be liberally construed to give effect to the remedy it provides, I conclude the fact appellees did not seek UIM coverage from Wausau until after the expiration of the two year statute of limitations contained within R.C. 2125.02(D) as an element thereof, does not serve as a basis to deny UIM coverage.
 {¶ 64} Furthermore, the instant action is a contract action against the insurer, not a tort action against the tortfeasor or owner of the tortfeasor's vehicle. The statute's definition of "legally entitled to recover" references an insured's tort cause of action against the owner or operator of the uninsured motor vehicle, not the insured's contract cause of action against the insurer.
 {¶ 65} For all of the aforementioned reasons, I respectfully dissent from the majority opinion.
[2] There may well be others but other possibilities are unnecessary to explore as they would only serve to augment the ambiguity exemplified by the three listed.
[3] See Haney v. Motorist Mut. Ins. Co. (June 24, 2003), Tuscarawas Cty App. No. 2002AP110093, unreported, in which this Court held a cause of action for underinsured motorist coverage occurs (accrues) when the tortfeasor's policy limits are exhausted. Id. at 2.