DICK, Appellee,

v.

MOTORISTS INSURANCE COMPANIES, Appellant.*

[Cite as *Dick v. Motorists Ins. Cos.* (1995), 103 Ohio App.3d 441.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–94–023.

Decided May 12, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1995), 74 Ohio St.3d 1404, 655 N.E.2d 184.

*Stuart Cubbon,* for appellee.

*Robert Bahret* and *Keith Watkins,* for appellant.

ABOOD, Presiding Judge.

This is an appeal from a judgment of the Fulton County Court of Common Pleas which granted summary judgment in favor of appellee, Kenneth G. Dick, on his complaint against appellant, Motorists Insurance Companies, for declaratory judgment and money damages.

Appellant has appealed, setting forth the following arguments as its assignment of error:

"A. The court below erroneously determined that because appellee did not have insurance to cover all of his medical expenses, appellee was therefore 'uninsured' and entitled to uninsured motorist coverage for medical expenses above and beyond the medical payments benefits of his policy of insurance.

"B. The court below erred to the prejudice of appell[ant] in granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment."

The facts that are relevant to the issues raised on appeal are as follows. On November 21, 1992, appellee, a resident of Ohio, was injured in an automobile accident that occurred in Michigan when his vehicle collided with a car driven by Michigan resident Mark Clement. At the time, appellee was insured by appellant and Clement was insured by Citizens Insurance Company ("Citizens"). Appellee incurred $18,176.66 in medical expenses. Since under Michigan's no-fault insurance law medical expenses and other economic losses are properly recoverable only from one's own insurance carrier, appellee was not able to recover from Citizens for any of his medical expenses. Appellee did, however, receive the limit of $10,000 for medical expenses from appellant pursuant to his own medical benefits coverage and did arrive at a settlement with Citizens for payment of his noneconomic losses. Since appellee did not have medical insurance to pay the remainder of his medical expenses, he thereafter sought to recover the balance of his medical expenses from appellant under his uninsured motorist coverage. Appellant denied this claim and, on January 28, 1994, appellee filed his complaint against appellant for declaratory judgment and for $8,176.66 in damages. On February 23, 1994 appellant filed an answer and counterclaim for declaratory judgment, and on February 28, 1994 appellee filed an answer to appellant's counterclaim.

On May 2, 1994, appellant filed a motion for summary judgment in which it asserted that appellee's claims for uninsured motorist benefits were not supported by Ohio law. Appellant argued in support that in Ohio an injured person is not entitled to uninsured motorist coverage when the insured motorist/tortfeasor is statutorily immune from liability for medical expenses due to Michigan's no-fault insurance laws.

On June 13, 1994, appellee filed a cross-motion for summary judgment in which he argued that he is entitled to receive the entirety of his economic losses for medical expenses under his policy with appellant on two bases: (a) under Ohio law his insurance carrier owes him reimbursement for his economic losses under the "out-of-state" provision in his policy, and (b) he is entitled to full reimbursement for his medical expenses under the uninsured motorist provisions of his policy. In support of his several arguments, appellee asserted that the tortfeasor had no provision in his policy for appellee's expenses and was therefore "unin-

sured" and that appellant's refusal to pay all of his medical expenses makes him the uninsured under his own policy.

On July 13, 1994, the trial court granted appellee's motion and denied appellant's cross-motion for summary judgment. In so doing, the trial court reasoned that appellee is uninsured to the extent that his total economic damages have not been made whole and found that "[h]e bought insurance to cover this contingency, and his insurer is liable to such extent." The court granted judgment in favor of appellee in the amount of $8,176.66. Appellant filed a timely notice of appeal.

■ Appellant presents its sole assignment of error in two parts which we will consider together. In Part B of its argument, appellant asserts that the trial court erred in granting appellee's motion for summary judgment and in Part A asserts more specifically that the lower court erred in determining that appellee was "uninsured" and entitled to uninsured motorist coverage for his medical expenses in excess of the $10,000 medical payment limit of his policy. Appellant argues in support that the medical expense coverage which appellee purchased was paid in full and that the uninsured motorist coverage in his policy refers to a tortfeasor being uninsured, not the policyholder. Appellant argues further that R.C. 3937.18, which mandates the offering of uninsured motorist coverage, states that such coverage is "for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* " (emphasis added) and that the issue, therefore, is not whether the injured party is uninsured but whether he is legally entitled to recover from owners or operators of uninsured motor vehicles. Appellant asserts that appellee's right to recover from the tortfeasor must be determined pursuant to Michigan's no-fault law, which clearly prevents recovery of appellee's medical expenses, and that any right appellee may have to recover under the terms of his own insurance policy is governed by Ohio law, which in turn prevents recovery because he is not legally entitled to recover from the Michigan tortfeasor.

Appellee responds, as he did in his motion for summary judgment, that he is entitled to recover his economic losses from medical expenses pursuant to the out-of-state provision in his policy with appellant as well as under the uninsured motorist provision.

In reviewing a summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198, 199. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

In this case it is undisputed that appellee contracted with appellant for medical benefits coverage of $5,000 (which was increased to $10,000 because he was wearing a seatbelt), as well as for uninsured motorist coverage. The issue before this court is whether appellant is obligated to reimburse appellee for the additional $8,176.66 he incurred in medical expenses.

The uninsured motorist provision in appellee's policy provides in relevant part:

"We will pay compensatory damages *which an insured is legally entitled to recover* from the owner or operator of an uninsured motor vehicle because of bodily injury caused by an accident. The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle." (Emphasis added.)

In accordance therewith and as set forth by the Ohio Supreme Court in *Kurent v. Farmers Ins. of Columbus* (1991), 62 Ohio St.3d 242, 246, 581 N.E.2d 533, 536, the applicability of uninsured motorist coverage is dependent on the uninsured motorist's legal liability to the injured person. In order to recover under the uninsured motorist provision of his contract with appellant, appellee must show (1) that he is legally entitled to recover from the tortfeasor, and (2) that the tortfeasor's vehicle was uninsured. *Id.* In this case, Michigan law determines that liability because the tortfeasor is a Michigan resident and the accident occurred in that state. Under Michigan's no-fault insurance laws (M.C.L.A. 500.3101 *et seq.*), each party's insurance carrier is to reimburse its own insured for any accident-related economic losses, thereby eliminating the insured's liability for economic damages that result from his negligence. Ohio law, however, governs the contractual relationship between appellant and appellee herein and Ohio courts have held that an injured person is not entitled to uninsured motorist coverage where the insured tortfeasor-motorist is immune from liability pursuant to statutory immunity, as is the case under Michigan no-fault laws. See, *e.g., York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199, 202, 18 O.O.3d 412, 413–414, 414 N.E.2d 423, 425; *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 562 N.E.2d 132. More specifically, in *Kurent, supra,* two Ohio residents injured in an automobile accident in Michigan filed a claim against the Michigan driver and his insurance carrier to recover damages for their injuries. The insurance company denied the claim on the basis that the severity of the Kurents' injuries did not meet the threshold specified under Michigan's no-fault law for recovery of noneconomic damages. M.C.L.A. 500.3135. The Kurents then sought uninsured coverage and medical payments from their own insurance carrier but that claim was denied because the Michigan driver was insured as required by Michigan law. The Kurents filed suit against their insurance company and, on cross-motions for summary judgment, the trial court held that they were entitled to uninsured motorist coverage under their policy. The court of appeals reversed, holding that under the terms of their

insurance agreement the Kurents were not entitled to uninsured motorist coverage. The Ohio Supreme Court affirmed that judgment and held:

"When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. *Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer.*" (Emphasis added.) *Id.,* 62 Ohio St.3d 242, 581 N.E.2d 533, syllabus.

This court notes that R.C. 3937.18, which requires insurance companies to offer uninsured motorist coverage to Ohio residents, was enacted to protect Ohio residents from financially irresponsible drivers. It is therefore of concern to this court that an Ohio motorist who is unfortunate enough to be involved in an accident in a no-fault state such as Michigan and who incurs medical expenses in excess of his policy limit has no recourse for additional monetary recovery unless the accident results in death, serious impairment of a bodily function or permanent serious disfigurement. M.C.L.A. 500.3135. We also note, however, that R.C. 3937.18 was not intended to provide coverage in every uncompensated situation, and we are bound by the Ohio Supreme Court's finding in *Kurent* that Michigan law must be employed to determine whether appellee in this case is legally entitled to recover from the Michigan tortfeasor. *York, supra,* 64 Ohio St.2d at 202, 18 O.O.3d at 413–414, 414 N.E.2d at 425.

Accordingly, because of Clement's statutory immunity, appellee is not legally entitled to recover economic damages from him and, pursuant to the holding in *Kurent,* he is not entitled to collect uninsured motorist benefits from his own insurer.

Upon consideration of the entire record of proceedings before the trial court and the law as set forth above, this court finds that (1) appellee did not submit evidence sufficient to raise a genuine issue of material fact, and when construing the evidence most strongly in favor of appellant, reasonable minds can only conclude that appellee was not entitled to recover under the uninsured motorist provision of his contract with appellant, and (2) the trial court erred by granting appellee's motion for summary judgment and in denying appellant's motion for summary judgment. Accordingly, appellant's assignment of error is well taken.

The judgment of the Fulton County Court of Common Pleas is reversed. Costs of this appeal are assessed to appellee.

*Judgment reversed.*

HANDWORK and SHERCK, JJ., concur.