Cratsley, J.
This action involves defendant, Thomas Holland’s (hereinafter Holland), claim for underinsured motorist benefits under a standard Massachusetts Automobile Insurance Policy issued to him by plaintiff, Aetna Casualty & Surety Company (hereinafter Aetna). Holland’s claim stems from a motor vehicle accident which occurred in Quebec, Canada. Aetna commenced the instant declaratory judgment action requesting the court to declare the rights of the parties under the Policy.
In an effort to conclude this case, Aetna filed a motion for summary judgment. Under the underinsured motorist provision of the Policy, Aetna is only obligated to pay benefits if Holland is legally entitled to recover from the uninsured/underinsured motorist involved in the accident. Aetna alleges that Quebec law governs the rights of the parties because the accident occurred in Quebec. As such, Quebec’s Automobile Insurance Act, R.S.Q. 1977, c. a-25, §4, eliminates causes of action in tort for motor vehicle accidents and provides compensation under a pure no fault scheme. Aetna asserts that because Holland is not legally entitled to recover from the underinsured motorist, he is not entitled to receive underinsured benefits from Aetna. Therefore, Aetna seeks summary judgment as a matter of law.
Holland does not dispute that this matter is ripe for summary judgment. Holland, however, alleges that under Massachusetts choice of law principles, which do not strictly adhere to lex loci delicti, Massachusetts law governs because Massachusetts has the more significant relationship with the parties. Holland asserts that under Massachusetts law he would be legally entitled to recover from the underinsured motorist and therefore, he is entitled to collect the under-insured benefits from Aetna. Accordingly, Holland submits that he is entitled to summary judgment as a matter of law.
BACKGROUND
The undisputed facts are as follows. Aetna issued to Holland a standard Massachusetts Automobile Insurance Policy, no. 21 SW17732550 (hereinafter “Policy”), which covered the period from January 14, 1989 through January 14, 1990. The Policy, in pertinent part, provides:
Sometimes an owner or operator of an auto legally responsible for an accident is uninsured or under-insured. Some accidents involve unidentified hit *669 and run autos. Under this Part, we will pay damages for bodily injury to people injured or killed in certain accident caused by uninsured, underinsured or hit and run autos. We will pay only if the injured person is legally entitled to recover from the owner or operator of the uninsured, underinsured or hit and run auto .. . Massachusetts Automobile Insurance Policy, Part 3, Bodily Injury Caused By An Uninsured or Underinsured Auto.
General Laws, 175, §113L mandates the inclusion of the above benefits for uninsured motor vehicles by providing that, “[n]o policy shall be issued or delivered in the commonwealth with respect to a motor vehicle . .. registered in this state unless such policy provides coverage in amount or limits prescribed for bodily injury or death for a liability policy under this chapter ... for the protection of persons insured thereunder who are legally entitled to recover damages from owner or operators of uninsured motor vehicles ...” Section 113L(2) also provides that the term “uninsured motor vehicle” will also include protection for underinsured motor vehicles if the policyholder elects to purchase this additional coverage.
On December 29, 1990, while in Montreal, Quebec, Holland allegedly sustained personal injuries when his vehicle was struck from behind by a vehicle operated by Andre Thouin. Under the Quebec Automobile Insurance Act, R.S.Q. 1977, c.A-25 (hereinafter “Quebec statute”), Quebec has adopted a pure no-fault compensation scheme for injuries arising out of motor vehicle accidents. Under §8 of the Quebec statute, Holland, as a victim of an accident, was entitled to compensation from the Regie de l’assurance automobile du Quebec for his injuries. The Quebec statute also eliminated any cause of action in tort Holland may have had against Thouin. Specifically, §4 of the Quebec statute provides:
The indemnities provided for in this title are in the place and stead of all rights, recourses and rights of action of any one by reason of bodily injury caused by an automobile and no action in that respect shall be admitted before any court of justice . . . Nothing in this section limits the right of a victim to claim an indemnity under a private insurance scheme, regardless of who is at fault.
Holland submitted a claim to the Regie de l’assurance automobile du Quebec for his personal injuries and was awarded $85.49. Thereafter, Holland submitted a claim for underinsured motorist benefits under the Policy to Aetna seeking recovery of its $25,000 limits. Aetna denied Holland’s claim on the grounds that because Holland is not legally entitled to recover from Thouin, he is not entitled to underinsured motorist benefits.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). A court will grant summary judgment to the party entitled to judgment as a matter of law if both parties have moved for summary judgment and “there is no real dispute [concerning] the salient facts” or if a case only involves a question of law. Cassesso v. Commissioner of Correction, supra.
This case turns on the proper interpretation and application of the underinsured motorists benefits provision of the Policy. It is undisputed that Massachusetts law governs the interpretation of the Policy. The Policy was issued in Massachusetts to a Massachusetts resident from an insurance company which does business in Massachusetts and involved an automobile presumably registered in Massachusetts. Cf. W.R. Grace & Co. v. Maryland Casualty Co., 33 Mass.App.Ct. 358, 362 (1992) (New York law applied to govern interpretation of insurance policy negotiated between New York insurer and New York based conglomerate and issued in New York). “The responsibility for construing language of an insurance contract is a question of law for the trial judge, and then for the reviewing court.... In interpreting insurance policies, we [ ] construe the words of the policy in their usual and ordinary sense, . . . and when appropriate, consider what an objectively reasonable insured, reading the relevant policy language would expect to be covered.” Assetta v. Safety Insurance Company, 43 Mass.App.Ct. 317, 318 (1997), and cases cited.
Under the underinsured motorist benefits provision of the Policy, Aetna is only obligated to pay if Holland “is legally entitled to recover from the owner or operator of the . . . underinsured . . . auto.” In other words, under general rules of interpretation the applicability of the underinsured motorist coverage is dependent on whether Holland is legally entitled to recover from Thouin, the motorist who struck Holland’s vehicle. Cf. Dick v. Motorists Insurance Companies, 659 N.E.2d 860, 863 (Ohio App. 1995). Under Massachusetts law, “legally entitled to recover” has been construed to mean that the insured must show that the underinsured motorist is “at fault” or “negligent” and thus liable in a tort action. Noel v. Metropolitan Property & Liability Insurance Co., 41 Mass.App.Ct. 593, 597 (1996). Other jurisdictions which have interpreted the phrase are in agreement with Massachusetts’s construction. See Baker v. Continental Western Insurance Company, 748 F.Supp. 716, 722 (D. S.D. 1990) (legally entitled to recover means that the insured must be able to establish fault on the part of the unin *670 sured/underinsured motorist); Kalhar v. Transamerica Insurance Co., 877 P.2d 656, 659 (Oreg. App. 1994) (same); Rose v. State Farm Mutual Automobile Insurance Co., 821 P.2d 1077, 1078-79 (Okla App. 1991) (same); Sumwalt v. Allstate Insurance Co., 466 N.E.2d 544, 545 (Ohio 1984) (same); Alan I. Widiss, Uninsured and Underinsured Motorist Insurance, 7.1, 7.2, 34.1 (1995, 1997 Supp.). Thus, under Massachusetts law, Holland can recover underinsured motorist benefits from Aetna if he can show that Thouin was “at fault” for Holland’s alleged bodily injuries.
The next issue then is which law, Quebec or Massachusetts, governs whether Holland “is legally entitled to recover” from Thouin. While Massachusetts governs the interpretation of the insurance contract, there is no reason why Massachusetts law automatically will govern the disposition of all issues on this case. See Pevoski v. Pevoski, 371 Mass. 358, 360 (1976). Rather the disposition of whether Holland is legally entitled to recover turns on the jurisdiction which has the strongest interest in the resolution of the particular issue presented. Id.
Aetna argues that Quebec law must govern as that is the place where the motor vehicle accident occurred. See Pevoski v. Pevoski, 371 Mass. at 359. Conversely, Holland argues that under a functional choice of law approach Massachusetts law must govern the resolution of the case.
This Court will apply Massachusetts conflict of law principles to determine which forum’s substantive law applies to whether Holland is legally entitled to recover. Massachusetts has abandoned the strict adherence to the traditional doctrine of lex loci delicti. See Pevoski v. Pevoski, 371 Mass. at 360, (tort case); Bushkin Associates Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985), (contract case); Reisch v. McGuigan, 745 F.Supp. 56, 59 (D.Mass. 1990); Cohen v. McDonnell Douglas Corp., 389 Mass. 327, 333 (1983). Rather, Massachusetts law, in both tort and contract, does not tie itself to any specific choice of law approach but will seek “a functional choice of law approach that responds to the interests of the parties, the states [or foreign countries] involved and the interstate system as a whole.” Bushkin Associates, Inc. v. Raytheon Co., 393 Mass. at 631.
In matters of tort the courts traditionally apply the substantive laws of the jurisdiction where the tort occurred, recognizing, however, that on the particular facts of a case another jurisdiction may be more concerned about and more involved with the case than the jurisdiction in which the injury occurred. Pevoski v. Pevoski, 371 Mass. at 359-60; Cosme v. Whitlin Machine Works, Inc., 417 Mass. 643, 645 (1994). In determining choice of law issues, courts will apply “choice influencing considerations” and have increasingly relied on the Restatement (Second) of Conflicts of Law for guidance. See id. Section 6 of the Restatement (Second) of Conflicts of Law sets forth several factors to consider when faced with a choice of law question:
(a) the needs of the interstate and international systems;
(b) the relevant policies of the forum;
(c) the relevant policies of other interested states and the relative interest of those states in the determination of the particular issue,
(d) the protection of justified expectations;
(e) the basic polices underlying the particular field of law;
(f) certainty, predictability and uniformity of result; and
(g) ease in the determination and application of the law to be applied.
Applying these factors to this case, and mindful that the accident occurred in Quebec, our Commonwealth of Massachusetts plainly has more significant interests in this action than does Quebec. Quebec has no interest in whether a Massachusetts insurance company pays underinsured motorist benefits to a Massachusetts resident. Cf. Reisch v. McGuigan, 745 F.Supp. at 61; Griffiths v. White, 929 F.Supp. 755, 760 (D.Vt. 1996). Massachusetts, meanwhile, has explicitly expressed its interest in the availability of uninsured/underinsured motorist benefits via G.L.c. 175, §113L which was enacted with “the broad objective to insure that victims of automobile accidents would be adequately compensated for their injuries when the accidents are caused by negligence of an unidentified motorists or motorists with insufficient or no liability coverage.” Hartford Insurance Co. v. Hertz Corp., 410 Mass. 279, 285 (1991).
Moreover, to allow Holland to recover benefits from Aetna under this action would not offend or impinge upon Quebec’s system. Specifically, no Quebec resident is involved in this action; the action will not raise Quebec insurance rates; nor will costs be imposed upon any Quebec resident. Reisch v. McGuigan, 745 F.Supp. at 61; Travelers Indemnity Company v. Lake, 594 A.2d 38, 48 (Del. 1991). In fact, the Quebec statute expressly states that the statute would not limit the right of a victim to file a claim under a private insurance scheme. R.S.Q. 1977, c. A-25, s. 4. On the other hand, restricting Holland’s right to recover benefits from Aetna would essentially give the Quebec statute an extraterritorial effect which would seriously impinge upon Massachusetts law. See Reisch v. McGuigan, 745 F.Supp. at 61.
Additionally, there is a possibility that Quebec could benefit from Holland’s claim with Aetna. If Thouin, the motorist who struck Holland’s vehicle, is not a resident of Quebec, then the Regie de l’assurance automobile du Quebec is subrogated to Holland for the amount paid to him. Thus, pursuit of this action is in Quebec’s interest to the extent that Quebec would be reimbursed for the amounts paid to Holland. Cf. *671 Reisch v. McGuigan, 745 F.Supp. at 61; Griffiths v. White, 929 F.Supp. at 760.
Thus, while Quebec is the place of injury, this Court believes that Massachusetts has the most significant relationship to the parties and the issues presented in this lawsuit. Accordingly, this Court holds that Massachusetts law governs the issue of whether Holland is legally entitled to recover from Thouin in order to be eligible for underinsurance motorist benefits under the Policy.[1]
It is undisputed in this summary judgment motion that Thouin was “at fault” for causing the accident with Holland and there is nothing in Massachusetts law which would prevent Holland from pursuing a negligence claim against Thouin. Thus, Holland is legally entitled to recover from Thouin under Massachusetts law. See Noel v. Metropolitan Property & Liability Insurance Co., 41 Mass.App.Ct. at 597. Accordingly, because Holland is legally entitled to recover from Thouin, he is entitled to recover underinsured motorist benefits from Aetna under the Policy.
ORDER
For the reasons states herein, the court hereby ORDERS that a final judgment enter DECLARING that:
1. Massachusetts law governs the interpretation of the standard Massachusetts Automobile Policy, no. 21 SW17732550 which plaintiff, Aetna Casualty & Surety Company, issued to defendant, Thomas Holland;
2. Massachusetts law governs whether defendant, Thomas Holland, is legally entitled to recover from Andre Thouin, the underinsured motorist which struck Holland’s vehicle on or about December 29, 1989 in Quebec Canada;
3. Under Massachusetts law, defendant, Thomas Holland, is entitled to recover underinsured motorist benefits under the Policy from Aetna for bodily injuries he sustained in a motor vehicle accident on December 29, 1989 because defendant, Thomas Holland, is legally entitled to recover from Andre Thouin, the underinsured motorist, for the alleged bodily injuries he sustained in the said motor vehicle accident.
The Court further ORDERS that
1. Plaintiff, Aetna Casualty & Surely Company’s Motion for Summary Judgment is DENIED;
2. Summary Judgment shall be entered for the defendant, Thomas Holland.

 Aetna cites to Dick v. Motorists Insurance Companies, 659 N.E.2d 860 (Ohio App. 1995), for support of its proposition that the law of the place of the injury must govern. The Dick case, however, is distinguishable on the grounds that the Dick court appeared to apply lex loci delicti doctrine without any consideration to other “functional choice of law” approaches. As noted above, Massachusetts law does not adhere to any specific choice of law doctrine but seeks an approach that will best respond to the interest of the parties and the states or countries involved.