HASSAN, Appellant,

v.

PROGRESSIVE INSURANCE COMPANY et al., Appellees.

[Cite as *Hassan v. Progressive Ins. Co.* (2001), 142 Ohio App.3d 671.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 00AP–1137.

Decided June 21, 2001.

*Wilcox, Schlosser & Bendig Co., L.P.A.*, and *Charles H. Bendig*, for appellant.

*Eva Melvin*, for appellee Progressive Insurance Company.

*Law Offices of Jane C. Wichman* and *Shawn A. Little*, for appellee Stuart J. Riegel.

PETREE, Judge.

On January 2, 1999, plaintiff, Safiya Hassan, was traveling with her sister, Ayan Hassan, when their vehicle was forced off of the roadway by an unidentified truck. There was no physical contact between plaintiff's vehicle and the unidentified truck; however, both women were injured when their vehicle collided with a utility pole.

At the time of the accident, plaintiff held an active policy of insurance with Progressive Insurance Company ("defendant"). Plaintiff eventually made a claim against the uninsured/underinsured motorist portion of this policy, which defendant refused to pay. Plaintiff then initiated this action, which was dismissed by the trial court after it granted defendant's motion for summary judgment. Plaintiff now appeals, raising the following three assignments of error:

1. "The trial court erred in granting summary judgment to Progressive Insurance, misapplying the corroborating evidence standard required in uninsured motorist cases where there is no physical contact between the insured's vehicle and the wrongdoer's vehicle."

2. "The trial court erred in denying summary judgment for plaintiff, where the uncontroverted evidence established the collision was the result of the negligence of an uninsured motorist."

3. "The trial court erred in certifying no just cause for delay on a decision granting summary judgment to one party where the decision was not dispositive of all claims for all parties in the proceeding."

■ The issue presented in this case is a narrow one: Is the plaintiff's sister an independent corroborative witness pursuant to the rule of law set forth in *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280.

In *Girgis,* the Ohio Supreme Court invalidated automobile policies that require physical contact between vehicles as a prerequisite to the recovery of uninsured/underinsured motorist coverage, as in contravention of the public policy of this state. *Id.* at paragraph one of the syllabus. Although the Supreme Court noted that the irrebuttable presumption of the physical-contact provision was unduly harsh, it apparently did not consider insureds trustworthy enough to allow their uncorroborated testimony in cases of no contact. Rather, the Supreme Court replaced the physical-contact rule with the "independent corroborative evidence" rule. The Supreme Court explained:

"[W]e find that the physical contact requirement is contrary to public policy. * * *

" * * *

" * * * However, the corroborative evidence test we propound requires independent third-party testimony specifically to protect insurance companies from fraud. We consider the danger of possible fraud acceptable compared with the current situation where insureds with legitimate claims are prevented, as a matter of law, from recovering. Further, we are confident that the jury system will be able to distinguish between legitimate cases and fraudulent ones, as they do in many other matters." *Id.* at 305, 307, 662 N.E.2d at 282, 284.

*Girgis* has been applied many times by this court. See *Combs v. Allstate Ins. Co.* (June 29, 2000), Franklin App. No. 99AP–822, unreported, 2000 WL 860416; *Medvedkov v. Doe* (Dec. 28, 2000), Franklin App. No. 00AP–358, unreported, 2000 WL 1877582; *Willford v. Allstate Indemn. Co.* (Nov. 10, 1997), Franklin App. No. 97APE05–657, unreported, 1997 WL 710608; *Muncy v. Am. Select Ins. Co.* (1998), 129 Ohio App.3d 1, 716 N.E.2d 1171; and *England v. Grange Mut. Cas. Co.* (Dec. 23, 1997), Franklin App. No. 97APE07–894, unreported, 1997 WL 798297. However, the issue presented in each of those cases dealt with the lack of a corroborative witness, while in this case, the issue is whether the corroborative witness qualifies as independent.

In arguing that Ayan Hassan is not an independent witness, defendant rests its entire case upon one unreported opinion issued by the Lake County Court of Appeals. In *Wollpert v. State Farm Auto. Mut. Ins. Co.* (June 27, 1997), Lake App. No. 96–L–093, unreported, 1997 WL 401558, the court concluded that a person who has any economic interest as a result of a factual situation such as the one presented herein cannot, as a matter of law, be an "independent corroborative witness." Defendant urges us to adopt that rule of law on the premise that allowing the testimony of persons who have potential claims will inherently promote fraudulent and collusive lawsuits to the great detriment of the insurance industry. While we acknowledge this argument, this all too familiar justification was used for years to support R.C. 4515.02, otherwise known as the Ohio Guest Statute. However, this justification was unanimously rejected by the Supreme Court in *Primes v. Tyler* (1975), 43 Ohio St.2d 195, 72 O.O.2d 112, 331 N.E.2d 723. Therein, the Supreme Court rejected the "irrebuttable presumption" that a lawsuit filed by a nonpaying guest passenger is fraudulent or collusive. While the prevention of fraud is certainly an important goal, as noted by the *Girgis* court, it must be balanced against the equally important need to do justice to those innocent motorists injured by the acts of others who, after causing an accident, flee the scene in order to escape liability.

The presumption advanced by defendant is certainly easy to apply. However, "[w]hile objective standards have the advantage of being easy to apply, their application does not always do justice to injured claimants." *Girgis, supra*, at 306, 662 N.E.2d at 283. Looking back to the Supreme Court's opinion in *Primes*, we quote:

"In all other cases, we rely upon the standard remedies of perjury, the efficacy of cross-examination, the availability of pretrial discovery, and the good sense of juries to detect false testimony if it should occur. We do not withdraw the remedy from all injured persons in order to avoid a rare recovery based upon false testimony." *Id.* at 201, 72 O.O.2d at 115, 331 N.E.2d at 727.

We need not, and should not, judicially foreclose recovery by all those who have been injured by an unidentified motorist and who are also unlucky enough to be unable to locate the ideal third-party witness, one who has absolutely no tie or connection to the accident. Take for example a hypothetical situation in which an unidentified driver wrongfully forces a busload of passengers off the road. Under defendant's proposition of law, not one of the persons on that bus could testify as to the cause of the accident. The *Girgis* court certainly could not have intended such a result.

■ Having concluded that "independent" does not intrinsically exclude all witnesses who have a potential claim, we turn to what we believe to be the

rational interpretation of "independent corroborative witness." In our view, "independent" does not mean without all potential or theoretical interest but, rather, means from another source. Thus, in this scenario, plaintiff's sister, another source of corroboration as to the cause of this accident, is an "independent corroborative witness." In response to the argument of inherent bias of a witness, time and again courts have held that a blanket prohibition is unjustified, and that issues of bias must be left to decision by the trier of fact. See *Kirchner v. Crystal* (1984), 15 Ohio St.3d 326, 329, 15 OBR 452, 454–455, 474 N.E.2d 275, 278. "We see no compelling reason why such a justification should deny an innocent injured child his or her day in court merely because in some rare instances, fraud or collusion may take place." See, also, *Shearer v. Shearer* (1985), 18 Ohio St.3d 94, 18 OBR 129, 480 N.E.2d 388.

Because the plaintiff presented independent corroborative evidence, she should be permitted to present her claim to a jury instead of being forced to forgo any potential recovery merely because the witness to this event can be said to have some potential or theoretical basis upon which to color her testimony. In response to the assertion that some will inevitably do so, we echo the Supreme Court's statement that our jury system is designed to separate the wheat from the chaff, the legitimate from the fraudulent, as they do every day. See *Girgis; Kirchner; and Primes, supra.*

In light of the foregoing, the trial court incorrectly granted summary judgment in favor of defendant on the sole basis that plaintiff's sister, as a matter of law, could not be a corroborative witness. Rather, we hold that plaintiff's sister, as a separate or independent source, meets the minimum threshold definition set forth in *Girgis*. The question of whether plaintiff's sister is to be believed is an issue that can be easily and effectively addressed as noted by the Supreme Court in *Kirchner*. Plaintiff's first assignment of error is therefore well taken.

In her second assignment of error, plaintiff argues that the trial court erred when it refused to grant her motion for summary judgment. We disagree. When reviewing the allowance or denial of a motion for summary judgment, this court applies that same standard applied by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 671 N.E.2d 241. Under both the federal and Ohio rules, in order to obtain summary judgment, a party must establish (1) that there is no genuine issue as to any material fact, (2) that the party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Specifically, Civ.R. 56(C) provides:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence,

and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

In this case, plaintiff argues that defendant failed to come forward with evidence that contravened the affidavit of Ayan Hassan. However, the credibility of an affiant is not generally considered when a court determines whether genuine issues of material fact exist. See *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123, and *Perez v. Scripps–Howard Broadcasting Co.* (1988), 35 Ohio St.3d 215, 520 N.E.2d 198, explaining that a court should not choose among reasonable inferences or weigh the credibility of witnesses in deciding whether summary judgment is appropriate. Indeed, in *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App.3d 163, 167, 27 OBR 196, 200, 499 N.E.2d 1291, 1295, the court wrote:

"Resolution of a motion for summary judgment does not include trying the credibility of witnesses. If an issue is raised on summary judgment, which manifestly turns on the credibility of the witness because his testimony must be believed in order to resolve the issue, and the surrounding circumstances place the credibility of the witness in question—for example, where the potential for bias and interest is evident—then, the matter should be resolved at trial, where the trier of facts has an opportunity to observe the demeanor of the witness."

The credibility of witnesses should, in a case such as this, be resolved at trial, and not on summary judgment. Accordingly, plaintiff's second assignment of error is not well taken.

Plaintiff originally asserted in her third assignment of error that the trial court erred when it certified that there was no just cause for delay, when in fact there were remaining issues and parties to this litigation. However, as stipulated by the parties, the remaining issues were voluntarily dismissed on January 19, 2001. Therefore, this assignment of error is moot.

For the foregoing reasons, plaintiff's first assignment of error is sustained, her second assignment of error is overruled, and her third assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

KENNEDY and McCORMAC, JJ., concur.

JOHN W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.