MUSAELYANTS, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

[Cite as *Musaelyants v. Allstate Ins. Co.* (2001), 145 Ohio App.3d 251.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78797.

Decided Aug. 15, 2001.

*William T. Zaffiro,* for appellant.

*Williams, Sennett & Scully Co.* and *Adam E. Carr,* for appellee.

MICHAEL J. CORRIGAN, Presiding Judge.

An accelerated appeal is authorized pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655; App.R. 11.1(E).

Plaintiff-appellant Paul Musaelyants appeals from the trial court's grant of summary judgment in favor of defendant-appellee Allstate Insurance Company.

On March 14, 1998, the appellant was involved in a car accident while driving on Interstate 90 in New York State. The appellant alleges that the accident was caused when a truck driving in the left-most lane of the highway clipped the appellant's vehicle's front left bumper as the truck was changing lanes. The force of the impact purportedly caused the appellant's vehicle to spin out of control and strike a guardrail. The driver of the truck did not stop at the scene of the accident, either because he was unaware of the collision or because he chose not to stop.

The appellant made a claim with his insurer, defendant-appellee, Allstate Insurance Company, under the uninsured/underinsured provisions of his insurance policy. Allstate denied the claim on the stated basis that particulars of the hit-and-run accident had not been corroborated by an independent witness.

On January 11, 2000, the appellant filed the instant lawsuit seeking coverage for injuries incurred under the terms of his insurance policy. On August 24, 2000, appellee Allstate filed a motion for summary judgment. The appellant filed a brief in opposition to the motion for summary judgment on September 6, 2000. On October 4, 2000, the trial court granted the motion for summary judgment without opinion.

The appellant timely filed the within appeal on November 2, 2000. The appellant's three assignments of error are interrelated and have a common basis in law and fact, and will therefore be addressed concurrently in this opinion. The three assignments of error are as follows:

"I. [The trial court's] grant of the defendant–appellee's motion for summary judgment was against the manifest weight of the evidence [*sic*].

"II. Defendant–appellee did not meet the requirements entitling it to summary judgment as a matter of law.

"III. The motion for summary judgment granted by [the trial court] only addressed two issues in this case. There are still other issues pending and the granting of the summary judgment dismissing the plaintiff's complaint was not proper and [was] against the manifest weight of the evidence [*sic*]."

■ Initially, we wish to disabuse appellant's counsel of the mistaken notion that the granting of summary judgment by a trial court is reviewed under a manifest weight of the evidence standard as is stated in the appellant's first and third assignments of error.

Civ.R. 56 provides that summary judgment may be granted only after the trial court determines that (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come but to one conclusion and, viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

Ohio has long recognized that a dispute between an insurer and an insured over uninsured motorist coverage is contractual in nature. *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 695 N.E.2d 1140; *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 581 N.E.2d 533.

In *Girgis v. State Farm Mut. Auto. Ins. Co.* (1996), 75 Ohio St.3d 302, 662 N.E.2d 280, the Ohio Supreme Court held that R.C. 3937.18, as well as public policy, precludes contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision. The court further stated that in such instances the test to be applied in lieu of requiring physical contact is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was the proximate cause of the accident. Thus, the independent witness must verify not only existence of another vehicle but also that the driver of the other vehicle proximately caused the accident in question.

In the instant case, the corroborative evidence offered by the appellant includes a letter from a driver on the highway who was directly behind the appellant at the time that the accident occurred and who observed the entire collision, as well as the testimony of the appellant's front seat passenger, one Artem Petrenko.

■ Unfortunately for the appellant, the letter from the other driver on the road at the time of the accident was not in affidavit form or in other manner authenticated. The letter is not even dated. Accordingly, the letter could not have been considered by the trial court in ruling on the motion for summary judgment and does not satisfy the *Girgis* independent corroborative evidence test.

■ The testimony of Petrenko does satisfy the independent corroborative evidence test. In his deposition, Petrenko stated:

"[W]e driving like 45, 50 miles an hour and the truck passing us and hit the front side of the car and Paul lost control and then we hit something and I hit my head and it's hard to remember. * * *

"It was slippery and [the truck] started turning and its tail started like going back and forth and hit us."

Although Petrenko did state that he hit his head when the car struck the guardrail and has trouble recalling some details of the incident, there is no indication that his memory is deficient as to the events that transpired prior to the car striking the guardrail. The appellee asserts that Petrenko is not an independent witness because he is a potential claimant under appellant's automobile insurance policy for injuries arising out of the same accident. We are aware of no precedent holding that a friend or acquaintance riding in the same car as the insured cannot be considered independent for the purposes of satisfying the corroborative evidence test of *Girgis*. In *Wollpert v. State Farm Mut. Ins. Co.* (June 27, 1997), Lake App. No. 96–L–093, unreported, 1997 WL 401558, the court stated as follows:

"[I]f we were to conclude that only a 'nonbiased' person could qualify as being 'independent' under the *Girgis* test, then only a person who had no prior acquaintance or relationship, familial or otherwise, with the claimants or the insured could qualify. We do not believe that *Girgis* intended such a result.

"Moreover, this court would emphasize that any possible bias on the part of an independent third-party witness is a factor which a jury can consider in determining whether to believe the testimony of that witness."

In *Kurent v. Farmers Ins. of Columbus, Inc.* (1991), 62 Ohio St.3d 242, 247–248, 581 N.E.2d 533, 537–538, this state's Supreme Court held:

"When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer." See also, *Dick v. Motorists Ins. Cos.* (1995), 103 Ohio App.3d 441, 659 N.E.2d 860, discretionary appeal not allowed.

■ There is no evidence in the instant case that the tortfeasor was a resident of New York. There can be no presumption that a tractor-trailer traveling upon a freeway in New York State is driven by a New York resident or owned by a New

York corporation. This alters our choice of law analysis and tilts the balance in favor of applying Ohio law given that the parties each have significant relationships with Ohio and no discernible relationship with New York. Applying a choice-of-law analysis to this insurance contract, we conclude that Ohio law applies. The insurance contract was made in Ohio. The insured vehicle was garaged in Ohio, and the insureds are Ohio residents dealing with an Ohio insurance company.

Accordingly, we conclude that because Petrenko's testimony independently established that the unidentified driver was the proximate cause of the accident, the trial court erred in granting summary judgment. Appellant's assignments of error are well taken.

*Judgment reversed*
*and cause remanded.*

PATRICIA A. BLACKMON and FRANK D. CELEBREZZE, JR., JJ., concur.