This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-Appellant Linda Forrest has appealed from an order of the Summit County Court of Common Pleas that granted summary judgment in favor of Defendant-Appellee Allstate Insurance Company ("Allstate"). This Court affirms.
 I
Appellant was operating her 1996 Dodge Dakota westbound on Wooster Road in Barberton, Ohio, when she came to a stop behind three vehicles at a traffic light. While Appellant was waiting at the light, her pickup truck came into contact with the vehicle in front of her. The impact caused the airbag in Appellant's vehicle to deploy. Appellant did not see what caused the collision because her head was turned to the side, but she theorized that the vehicle in front of her had backed into her pickup.
After the collision, the driver of the other automobile told Appellant that he did not need a police report or insurance information, and drove away. Appellant did not ask the other driver for his name or any other information that might be used to contact him later. Nor did Appellant know of any witnesses to the accident that might corroborate her hypothesis that the vehicle in front of her backed into her pickup.
Appellant subsequently presented a claim under an uninsured motorist provision of an insurance policy issued to her by Allstate. Allstate denied the claim, and Appellant filed a complaint against Allstate and Daimler Chrysler Corporation in the Summit County Court of Common Pleas. Appellant's claim against Allstate sought damages under the uninsured motorist provision of the policy.
Allstate moved for summary judgment, arguing that Allstate was entitled to judgment as a matter of law because Appellant failed to present evidence sufficient to establish a genuine issue of fact regarding the existence of any independent, corroborating evidence of her account of the accident. The trial court granted Allstate's motion for summary judgment. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error The Summit County Court of Common Pleas erred in granting [Allstate's] motion for summary judgment, concluding that Ohio law requires independent corroborative evidence as an absolute prerequisite to recovery under an auto insurance policy with an uninsured/underinsured motorists [sic] provision.
In her sole assignment of error, Appellant has argued that the trial court erred in granting Allstate's motion for summary judgment. Specifically, Appellant has contended that the trial court erred in determining that Ohio law requires some independent, corroborative evidence that the collision was proximately caused by the negligence of the unidentified driver of the vehicle in front of her.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992),80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280,293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists.Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
The insurance policy issued to Appellant by Allstate required evidence of some physical contact between the insured's vehicle and the unidentified vehicle before coverage would be provided under the uninsured motorist provision. In 1996, however, the Supreme Court of Ohio determined that such provisions requiring evidence of physical contact were contrary to public policy. See Girgis v. State Farm Mut. Auto. Ins.Co. (1996), 75 Ohio St.3d 302. In Girgis, the court held:
 1. R.C. 3937.18 and public policy preclude contract provisions in insurance policies from requiring physical contact as an absolute prerequisite to recovery under the uninsured motorist coverage provision.
 2. The test to be applied in cases where an unidentified driver's negligence causes injury is the corroborative evidence test, which allows the claim to go forward if there is independent third-party testimony that the negligence of an unidentified vehicle was a proximate cause of the accident.
(Citations omitted). Girgis, paragraphs one and two of the syllabus.[1]
As the court in Girgis noted, the purpose of the physical contact requirement was "to provide an objective standard of corroboration of the existence of a `hit-and-run' vehicle to prevent the filing of fraudulent claims." Id. at 306, quoting Travelers Indemn. Co. v. Reddick (1974),37 Ohio St.2d 119, 124. However, the court found that the physical contact requirement created an injustice by precluding recovery where no contact occurred between the vehicles of an insured and an unidentified motorist, but independent third-party testimony could establish that an unidentified vehicle proximately caused the insured's injury. In re-affirming its commitment to preventing fraudulent claims, the court replaced the physical contact prerequisite with a corroborative evidence requirement, which "allow[s] an insured to prove through independent third-party testimony that an unidentified vehicle was a proximate cause of the accident for which the insured seeks recovery." Girgis at 307.
In the instant case, the trial court relied on Girgis in finding that Appellant's undisputed lack of corroborative evidence entitled Allstate to judgment as a matter of law on her claim for coverage under the uninsured motorist provision of her policy. On appeal, Appellant has argued that the independent, corroborative evidence rule set forth in Girgis applies only to cases where there is no evidence of physical contact between the vehicles of the insured and of the unidentified motorist. Appellant has asserted that an insured can elect to present either 1) independent, corroborative evidence that an unidentified motorist proximately caused his injury, or 2) evidence of physical contact between the vehicles of the insured and the unidentified motorist.
The plain language of Girgis, however, reveals that the independent, corroborative evidence requirement replaced, rather than supplemented, the physical contact prerequisite. See, e.g., Musaelyants v. AllstateIns. Co. (2001), 145 Ohio App.3d 251, 254; Gayheart v. Doe (2001),143 Ohio App.3d 692, 695; Hassan v. Progressive Ins. Co. (2001),142 Ohio App.3d 671, 673; Olinik v. Nationwide Mut. Ins. Co. (1999),133 Ohio App.3d 200, 206, appeal not allowed (1999), 86 Ohio St.3d 1442. Both in the syllabus and throughout the text of Girgis, the court stated that the independent, corroborative evidence requirement applies to cases where an unidentified driver's negligence causes injury. See Girgis, at paragraph two of the syllabus; 305; 307. The language of Girgis does not distinguish between negligent acts which cause contact with the vehicle of the insured, and negligent acts which do not cause physical contact but nevertheless result in injury to the insured. We conclude that where an insured makes a claim under an uninsured motorist provision of a policy with the "physical contact" requirement, the insured must show by independent, corroborative evidence that the unidentified driver's negligence proximately caused the injury, whether or not there was physical contact with the vehicle of the insured.
Our interpretation of Girgis is consistent with that court's stated objectives of allowing legitimate claims to go forward, while preventing the filing of fraudulent claims. Prior to Girgis, legitimacy was determined by the arbitrary circumstance of whether the unidentified motorist's vehicle caused physical contact with the uninsured's vehicle.Girgis transferred the focus on legitimacy to whether there is independent, corroborative evidence that the unidentified motorist's negligence was a proximate cause of the insured's injury. The requirement of independent, corroborative evidence of proximate cause eliminates the arbitrary "physical contact" requirement and its potential for abuse as an obstacle to the filing of legitimate claims. Requiring evidence of proximate cause also prevents fraud by eliminating reliance solely on physical contact where, as in the instant case, only the insured's speculation suggests that the unidentified motorist's negligence caused the physical contact.
In the instant case, there was no independent, corroborative evidence that Appellant's injuries were proximately caused by the negligence of the unidentified motorist in front of her at the traffic light. Accordingly, the trial court did not err in granting summary judgment in favor of Allstate.
 III
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., BATCHELDER, J. CONCUR.
[1] By amendment effective September 3, 1997, R.C. 3937.18 incorporates the "independent, corroborative evidence" test set forth in Girgis. See R.C. 3937.18(B)(3).