DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an Athens County Common Pleas Court, Juvenile Division, judgment. The court dismissed Geneva Gambrel's complaint that alleged that Kylynn Forrest, Gambrel's grandson is an abused, neglected, and dependent child.
 {¶ 2} Appellant assigns the following errors for review:
 {¶ 3} First assignment of error:
 {¶ 4} "The trial court's decision didn't address neglect or dependency. there was unrefuted evidence that mother neglected child's needs and permitted him to become dependent on appellant."
 {¶ 5} Second assignment of error:
 {¶ 6} "Children services failed to follow required procedures when investigating the abuse allegations, and therefore the trial court's reliance on those findings was misplaced."
 {¶ 7} Third assignment of error:
 {¶ 8} "Clear and convincing evidence was adduced that the child was abused, neglected or dependent. the decision of the trial court was against the manifest weight of the evidence and/or an abuse of discretion."
 {¶ 9} On October 17, 2003, Gambrel filed a complaint and alleged that Kylynn is abused, neglected, and dependent and requested the court award her custody. On November 25, 2003, the court held a hearing regarding Gambrel's (appellant's) complaint.
 {¶ 10} On December 4, 2003, the guardian ad litem filed her report. She found nothing to substantiate appellant's abuse allegations and found "most disturbing" appellant's apparent desire to create a "psychological wedge" between the child and his mother. The guardian stated: "[Appellant] seems almost obsessive in trying to prove that [the mother] is an unfit mother by examining [the child] from head to foot each time she sees him." She noted that the counselor who has worked with the child reported no evidence of abuse or neglect that she was able to observe, but did note that the child stated that "sometimes Grandma [appellant] says things that hurt my feelings." The counselor expressed concern "about the current dynamics of [the child's] relationship with his grandmother." The guardian ad litem also stated that she believed the child's best interests would be served by retaining the mother as the child's legal custodian and residential parent.
 {¶ 11} On December 10, 2003, the trial court found no evidence to substantiate appellant's claims of abuse, neglect, or dependency and dismissed her complaint. In concluding that insufficient evidence supported Gambrel's allegations, the court noted:
 {¶ 12} "Athens County Children Services, O'Bleness Memorial Hospital, the Nelsonville Police Department and Nelsonville Head Start personnel were all informed of allegations of abuse directly or indirectly by [appellant]. None of these neutral and statutorily mandated agencies found evidence to substantiate the claims."
 {¶ 13} The court did not find credible appellant's claim that either the child's mother or her boyfriend burned the child with cigarettes. The court stated:
 {¶ 14} "One of the prinicip[al] allegations is that [the child] was intentionally burned on the arms by cigarettes at the hands of his mother and her boyfriend. The credible neutral evidence provided by the witnesses trained in the observation and identification of child abuse directly refutes this allegation. In fact, those witnesses specifically eliminated cigarette burns as the cause of the sores, scrapes, abrasions or `rug burns' that were described. Other than hearsay statements made to [appellant] and her immediate family, there is no evidence to suggest that any intentional harm was inflicted on [the child]."
 {¶ 15} The court additionally concluded that no credible evidence suggested that the "mother was neglectful in allowing whatever happened to [the child] to have happened. The remaining miscellaneous allegations of abusive injury to [the child] and the allegation of neglect and dependency remain unproven."
 {¶ 16} Appellant filed a timely notice of appeal.
 I {¶ 17} In her first assignment of error, appellant asserts that the trial court failed to address her neglect or dependency allegation. We disagree.
 {¶ 18} In its judgment entry, we note that the trial court specifically stated that "the allegation of neglect and dependency remain[s] unproven." Thus, the court implicitly found that the evidence did not warrant a neglect or dependency finding. The credibility of the witnesses appellant presented to support the neglect and dependency allegations is a matter reserved to the fact finder, and we will not second guess the findings. See, e.g., State v. Tyler (1990), 50 Ohio St.3d 24,553 N.E.2d 576; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. We observe that deferring to the trial court on matters of credibility is "crucial" in cases involving children, "where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." See Davisv. Flickinger (1997), 77 Ohio St.3d 415, 418, 674 N.E.2d 1159.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 20} In her second assignment of error, appellant contends that the trial court's reliance upon Athens County Children Services (ACCS) workers' testimony was improper. Appellant alleges that ACCS failed to follow Ohio Administrative Code Chapter 5101:2-34 when investigating the abuse allegations and that its witnesses were biased.
 {¶ 21} First, even if ACCS did not strictly follow the Ohio Administrative Code procedures, it did investigate appellant's complaints. Simply because appellant disagrees with its findings does not mean that ACCS's investigation was unreliable. As the trial court found, the record shows that independent, third party agencies reviewed appellant's allegations and found them meritless.
 {¶ 22} Second, we disagree with appellant's argument that ACCS witnesses' testimony was biased and, therefore, unreliable. It is well-settled that credibility, including issues of bias, "must be left to decision by the trier of fact." See Hassan v.Progressive Ins. Co. (2001), 142 Ohio App.3d 671, 675,756 N.E.2d 745 (citing Kirchner v. Crystal (1984),15 Ohio St.3d 326, 329, 474 N.E.2d 275).
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.
 III {¶ 24} In her third assignment of error, appellant argues that the trial court's decision is against the manifest weight of the evidence. She claims that she presented clear and convincing evidence that the child is abused, neglected, or dependent.
 {¶ 25} Pursuant to R.C. 2151.27(A)(1), any person having knowledge of a child who appears to be abused, neglected, or dependent may file a complaint. At an adjudicatory hearing, the court must determine, by clear and convincing evidence, whether the child is abused, neglected, or dependent. R.C. 2151.35(A). If the court determines that the child is abused, neglected, or dependent, the court must make an appropriate order of disposition. If the court does not find the child to be an abused, neglected, or dependent child, the court must dismiss the complaint. Id.
 {¶ 26} R.C. 2151.031 defines an abused child as follows:
 {¶ 27} As used in this chapter, an "abused child" includes any child who:
 {¶ 28} Is the victim of "sexual activity" as defined under Chapter 2907. of the Revised Code, where such activity would constitute an offense under that chapter, except that the court need not find that any person has been convicted of the offense in order to find that the child is an abused child;
 {¶ 29} Is endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child;
 {¶ 30} Exhibits evidence of any physical or mental injury or death, inflicted other than by accidental means, or an injury or death which is at variance with the history given of it. Except as provided in division (D) of this section, a child exhibiting evidence of corporal punishment or other physical disciplinary measure by a parent, guardian, custodian, person having custody or control, or person in loco parentis of a child is not an abused child under this division if the measure is not prohibited under section 2919.22 of the Revised Code.
 {¶ 31} Because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare.
 {¶ 32} Is subjected to out-of-home care child abuse.
 {¶ 33} R.C. 2151.04 defines a dependent child as follows:
 {¶ 34} As used in this chapter, "dependent child" means any child:
 {¶ 35} Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;
 {¶ 36} Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
 {¶ 37} Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;
 {¶ 38} To whom both of the following apply:
 {¶ 39} The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 40} Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.
 {¶ 41} R.C. 2151.03 defines a neglected child as follows:
 {¶ 42} As used in this chapter, "neglected child" includes any child:
 {¶ 43} Who is abandoned by the child's parents, guardian, or custodian;
 {¶ 44} Who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian;
 {¶ 45} Whose parents, guardian, or custodian neglects the child or refuses to provide proper or necessary subsistence, education, medical or surgical care or treatment, or other care necessary for the child's health, morals, or well being;
 {¶ 46} Whose parents, guardian, or custodian neglects the child or refuses to provide the special care made necessary by the child's mental condition;
 {¶ 47} Whose parents, legal guardian, or custodian have placed or attempted to place the child in violation of sections5103.16 and 5103.17 of the Revised Code;
 {¶ 48} Who, because of the omission of the child's parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare;
 {¶ 49} Who is subjected to out-of-home care child neglect.
 {¶ 50} R.C. 2151.35(A) requires abuse, neglect, or dependency to be established by clear and convincing evidence. The Ohio Supreme Court defined "clear and convincing evidence" as
 {¶ 51} "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."
 {¶ 52} In re Estate of Haynes (1986), 25 Ohio St.3d 101,103-04, 495 N.E.2d 23; see, also, State v. Schiebel (1990),55 Ohio St.3d 71, 74, 564 N.E.2d 54. In reviewing whether a trial court's decision is based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel, 55 Ohio St.3d at 74. If a trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Id. Furthermore, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id.
 {¶ 53} Moreover, we emphasize that a trier of fact is free to believe all, part or none of the testimony of the witnesses who appear before it. See State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. See State v. Tyler (1990),50 Ohio St.3d 24, 553 N.E.2d 576; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212.
 {¶ 54} In the case at bar, the trial court found, in essence, the evidence appellant adduced to support the abuse, neglect, and dependency claims was not credible. Without credible evidence to support appellant's claims, the trial court could not find that clear and convincing evidence supported an abuse, neglect, or dependency finding. Again, we will not second-guess the trial court's credibility determinations.
 {¶ 55} We recognize that appellant holds strong beliefs and is truly concerned for her grandchild's health and welfare. Nevertheless, the evidence adduced at trial does not support her position. We further recognize that these types of cases represent some of the most difficult issues that courts are required to decide. We are hopeful that everyone involved in Kylynn's life will act in his best interest and foster positive relationships with all of the adults in his life.
 {¶ 56} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Kline, P.J. Harsha, J.: Concur in Judgment Opinion.